

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00311-CR

Roland **CONTRERAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CR-6679
Honorable Melisa C. Skinner, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: August 5, 2026

DISMISSED

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). In this case, the trial court signed a certification stating that "the defendant has waived the right of appeal." We have a duty to examine the record to determine if the trial court's certification is accurate. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

A clerk's record has been filed in this appeal. It shows that appellant was charged by indictment with the offense of aggravated assault with a deadly weapon and pled not guilty. In the event a jury found him guilty, appellant elected to have the jury assess punishment. On March 27, 2026, a jury found appellant guilty as charged in the indictment. On the same day, appellant and his counsel signed multiple documents. One document, titled "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions," states that after "hav[ing] been found guilty by a jury," appellant waived "punishment by [a] jury." Another document, titled "Plea Bargain," states that the appellant, appellant's counsel, and counsel for the State "mutually agreed and recommended" that punishment should be assessed at twenty years and run concurrent with Trial Court No. 2023CR6678-02. This document further states that "[t]he defendant agrees to waive his right to appeal in this trial case." The same document states that appellant "knowingly and voluntarily waive[s] [his] right to appeal . . . in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement."

The trial court signed a judgment of conviction sentencing appellant to twenty years in prison and ordering this sentence to run concurrent with the sentence in Trial Court No. 2023CR6678-02. Additionally, the trial court, appellant, and appellant's counsel signed a Certification of Defendant's Right of Appeal stating that "the defendant has waived the right of appeal."

A party who has the right to appeal may waive that right. *See* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."); *Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018) (explaining that "a defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State"); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) ("[A] valid

waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court.").

Here, the record reflects that after the jury found appellant guilty of the charged offense, appellant and the State entered into an agreement whereby appellant waived his right to appeal in exchange for the State not seeking a longer punishment or to cumulate sentences. The trial court signed a judgment of conviction sentencing appellant to twenty years in prison and ordering the sentence to run concurrent with appellant's sentence in Trial Court No. 2023CR6678-02. We conclude the record shows that appellant knowingly, intelligently, and voluntarily waived his right to appeal. Nothing in the record indicates that the trial court granted appellant permission to appeal. Thus, the trial court's certification stating that the defendant waived his right of appeal is accurate.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Thus, in our June 2, 2026 order, we warned appellant that this appeal would be dismissed unless an amended certification showing appellant has the right to appeal was made part of the appellate record by June 24, 2026. No such amended certification has been filed. Instead, in response to our order, appellant's appointed counsel filed an advisory stating that (1) appellant's "waiver of his right to appeal the jury's guilty verdict is supported by consideration tendered by the State, and the record clearly reflects this"; and (2) counsel can "determine no nonfrivolous grounds to advance [a]ppellant's appeal given the waiver of his appellate rights." We therefore dismiss this appeal pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH